United States v. Webster United States v. Clevon Webster United States v. Clevon Webster United States v. Clevon Webster United States v. Clevon Webster A 대표 of the Governor's         schools. judge that's filed later after the statute of limitations has expired. Let's start with the first part of that. It's been in the law since 1790 on the face of the statute that the filing of the information within the statute of limitations tolls the statute of limitations, right? Within the statute of limitations. Yeah, I mean the filing of the information tolls the statute of limitations. The filing of the information? Judge, I'm not sure what law you're referring to. It wasn't around in 1790. That means the same law. The same statute. What is it, 3582? Or 3282? That statute, clearly, that's been the law since 1790. Judge, I hate to start out by correcting you. The statute talks about instituting an information. The question is, for this case, whether instituting an information means filing an information. And there have been three approaches to that. One, I will call for shorthand Judge Middlebrooks' approach in Katz. And the second approach goes to the Supreme Court's decision in 1965, the Jabin case, echoed just last week in the Ninth Circuit in Abu Amo. And the third approach is the government's approach here. Judge Middlebrooks' approach is to say the Constitution limits the authority. Let's talk about just the meaning of language, okay? Institute means to inaugurate, commence, start, or introduce. So how would you how would you inaugurate, commence, start, or introduce an information?  the word institute, as you just said, means commence. So the commencement... To commence an information. Right. The way the Supreme Court looked at that in Jabin was to say you have to start, it has to be something that starts, commences, the... that... I actually have it right here in front of me, that effectively begins the criminal process prescribed by the federal rules. So the question is, for our case, did the information begin effectively the criminal process prescribed by the federal criminal rules? Your argument is, let me see if I have the argument down. Your argument is that whatever the existence of the filing meant back in the 1790s at that time the Fifth Amendment didn't exist. You didn't have to be charged by indictment for a felony. And therefore you didn't have to waive indictment when charged by a felony. But now things have changed and the landscape is different. Now there is a Fifth Amendment. Now you do have to be charged by indictment for a felony unless you waive it. And without a waiver, the filing of an information is ineffective to toll the statute of limitations. That's Judge Middlebrooks' approach and there's much to be said for it. Let me ask you one preliminary question with regards to the meaning of languages, as the Chief Judge put it. Congress recodified and reenacted the criminal statutes in 1948. So to the extent that there is a difference do we look at 1791 definitions of the word the information is instituted or do we look at 1940-something definitions of instituted? Judge, candidly, I don't think the language has changed here. Let me make just a comparison But the circumstances have. Yes, I agree. The circumstances cut my way so I don't want to undermine Judge Middlebrooks' viewpoint on this. Going back to Judge Pryor's question about the word filing. If I file a document, say in this court, until the clerk of this court accepts it for filing I haven't instituted anything. And in fact, it hasn't happened recently, mercifully, but sometimes it gets rejected for clerical reasons. Here Judge Middlebrooks felt it was rejected for constitutional reasons. The Constitution limits the authority of the executive branch to bring an information unless it gets a waiver in case the crime is a felony. And so he said that did not constitute instituting a proceeding. And I note that it may well be that the prosecution cannot proceed unless there's been a waiver or an indictment. But that does not mean that an information was not instituted that told the statute of limitations. The Supreme Court in Jabin disagrees with you. It said the mere filing does not suffice and it says you need to trigger the process. Statute of limitations and a criminal complaint, right? Yes. What the Supreme Court said in Jabin, which by the way makes a lot of sense given the statute of limitations is you need to start the criminal process. You need to have this person know I'm charged with a crime. Maybe I should get myself a lawyer. The other problem you have there is if you look at the statute the Supreme Court was adjudicating in Jabin. The statute specified that the complaint must be instituted before a Commissioner of the United States. That was section 6531 of the Internal Revenue Code. And it looks to me that that's very different because there the Supreme Court reasoned that the Commissioner's basic function under the rules was to make the judgment that probable cause exists and to warn the defendants of their rights. And that strikes me as something very different than what we're talking about when we're looking at the statute of limitations in 3282. The purpose there was to put a limit on how long you could wait before you could file or begin this criminal proceeding. But let me ask you the question in a different way. The Congress used the term prosecute and prosecuted as well as the term instituted. Do those terms have different meaning and should we give them different meaning in this context? And if the answer is yes what meanings would you have us give to the word prosecute as opposed to the word institute? If I may, I'm going to answer your question Judge, but I do want to address your prefatory comment which is I am struck when I look at JAVIN by the analogy between the two situations in both JAVIN and our case. The question is did the document suffice to effectively start the criminal the federal criminal rules from taking effect. Exactly the question here. And if you look at the docket nothing happened. No preliminary hearing no appearance of defense counsel. But to return to your question I see the prosecuting and instituting thing as being complementary terms. I don't see them as being radically different. Instituting means instituting a prosecution. That tells me nothing. Give me some synonym for the word institute. Why doesn't it normally accepted meaning begin, commence, start? Right. I embrace that definition. I embrace Chief Judge Pryor's definition earlier. Yeah, you just want to use a different noun to associate it. No, no Judge. I mean you want to make it be about the prosecution as opposed to the information. The information in the statutory language here Congress chose different terms which the rules of interpretation would suggest that we attribute different meanings to those different terms and the term it used for instituting clearly relates to the information not the prosecution. We agree Judge. The question is I forget your words but I think you said commence. What is being commenced? Something's being commenced. Our sister circuits have all held that the information is instituted when it is filed. The 9th Circuit avoided that issue last week. The 7th Circuit and the 4th Circuit said that it does. Yes Judge and a number of courts have pointed out that does not make sense because you have said something that makes sense from my reading of this statute. One of the reasons it doesn't make sense is first that whole limitation on going to a grand jury and getting an indictment as opposed to just walking into court and filing a piece of paper. Suddenly that's done away with that important protection that we all have. Protection still exists. You're not going to be prosecuted for a felony unless you get that indictment or you waive it with the information. That protection still exists. That's a different question from whether the statute of limitations has been told. Respectfully I disagree but more importantly Judge I think the reading of filing as just being filing a piece of paper without giving anyone notice basically reads the statute of limitations out of the federal code. There is no statute of limitations. You just file a piece of paper. Nobody knows about it. If you don't file the piece of paper then the statute of limitations isn't told. I don't know how that reads the statute of limitations out of the code. If you think that just filing a piece of paper suffices to toll the statute of limitations. I think the statute of limitations is something that requires clear rules, notice to the defendant. That's often true in a lot of contexts. Filing a civil complaint may toll a statute of limitations even though there hasn't been service of process. That's not a new idea. Filing a piece of paper tolls a statute of limitations. We're talking about charging someone who is a crime here, Judge. You don't have to have a statute of limitations. There are some crimes for which there is no statute of limitations. Congress can clearly set the rules for how the statutes of limitations are going to work. Agreed. On this case, Judge, I think it required more than just filing a piece of paper. I understand. Let's hear from Mr. Meisler. Good morning, Your Honors. May it please the Court, Scott Meisler on behalf of the United States. With me at council table is Assistant U.S. Attorney Ed Gardea. Your Honors, I was hoping to cover three points today on the statute of limitations issue. One has been covered from the bench, I must say. Issues about text and structure of the statute. The second point concerns the Supreme Court decision in Jabin. The third one about the facts of this case and the allegations concerning a lack of notice. On the text, I just wanted to go to Judge Marcus' question. We do think that the different use of the word institute and prosecuted in 3282 are significant. On page 15 of our brief, Your Honors, we've given the Court different definitions. The Court has talked about instituting being the commencement of the proceeding, setting it out, establishing it. We've also cited dictionary definitions for prosecute as institute and pursuit. We've cited those words, but aren't those words linked? Subsection A of 3282 says that you cannot be prosecuted, tried, or punished. And then it talks about the indictment being found or the information being instituted. If you have an information that is filed without waiver, the person can't be prosecuted, tried, or punished, right? Right. The case can't proceed beyond the initial case management proceedings. But I don't think it's fair, Your Honor, to say that information without a waiver is meaningless or a novelty. It is meaningless. Well, substantively, it's meaningless. You can't do anything with it. I disagree with that. What can you do with information like that? The Ninth Circuit pointed out in Abuamo that information without a waiver carries with it a right to preliminary hearing. That's under Rule 5.1. Under Rule 9, arrest warrants can be tied to the filing of an information. That's a pretty significant restriction on liberty. To me, the most significant one is Rule 10. So Rule 7b itself, of course... You don't even get to a preliminary hearing because there'll be a motion to dismiss. But that itself... You've charged a felony. You've charged me by information. I have not waived my right to grand jury indictment. Dismissed the information. You don't get a preliminary hearing on the facts. You don't need one. I think that itself, Your Honor, the Ninth Circuit pointed out, is itself an important procedural protection that attaches here, right? The subject matter jurisdiction of the District Court has been invoked, and therefore the Court has the authority to entertain that motion to dismiss and grant it. And for purposes of the statute of limitations, you have six months where you can go and get an indictment. You can. And that did not happen here, and we tried to be candid with the Court about that. This is one of the few cases, like the Fourth Circuit's decision in Briscoe, where that didn't happen. But just so I can finish the point about Rule 10, because to me, that's the most significant one. That's arraignment. And the Rule 10 and the Advisory Committee notes discuss situations in which the defendant can waive appearance, can waive personal appearance there. And they specifically carve out situations in which a defendant has been charged with a felony information because of the in-court waiver required under Rule 7B. But that assumes you're going to execute on the information. Right. But if you do nothing, it just sits there. Exactly, Your Honor. But I think, again, the rule, the arraignment rule as a general matter presupposes that the defendant, before they waive, will be read the information by the Court or waive the right to read it. If he or she is arrested on the information. Or voluntarily surrenders or responds on a summons. I think my point is not to dispute what's been said from the bench and in the briefs that you cannot go forward with the case to a plea, to a trial without a waiver being effectuated knowingly and voluntarily. My point is just that it's not a nullity. It does invest the District Court with subject matter jurisdiction, empower it to grant that motion to dismiss. And again, I would just point the Court to the fact patterns in some of the cases that have been decided. Like the Watson case cited by the Seventh Circuit in Burdick-Stana. These are some of the situations pre-COVID because most of the cases have been about COVID in recent years. But pre-COVID this issue really came up in kind of oddball situations where a plea fell apart, where there was a mistake in the clerk's office of the Court or in the prosecutor's part. And that's when this situation arose. And so those are cases in which the prosecutor may have been deceived and felt like they had a way of valid waiver going forward that was withdrawn by the defense and then they're outside the limitations period. What do they do? So again, I don't mean to undersell or undervalue some of the constitutional considerations that my colleague was raising. But those are different from timeliness concerns. My point was though, that not only does it invoke the subject matter jurisdiction of the District Court, but even in the context where there's no waiver, it has served to toll the statute of limitations because if the statute of limitations would have otherwise expired, Congress has given the government an additional period within which to get an indictment, right? Yes, I agree with that. Those are cases, those are the 3288 cases involving dismissals. But I would say, Your Honor, even in cases like this one or in the Fourth Circuit's Prisco decision where no dismissal occurs, one of the important principles that we think is waived or forfeited in this case, but it's relation back, right? The idea is that if the government can't and this hopefully provides a transition into discussing Chabin, the government can't just file something, not do any investigation and expect to then do the investigation after the fact, right? It's potentially locking itself into whatever charging instrument it files at the end of the limitations period under the relation back principle that it can't substantially amend or broaden the charges after that. Does it matter whether the information has sufficient substantive content? So if the government files an information that says, Mr. Smith violated, it says information, the government charges that Mr. Smith violated federal law signed assistant U.S. attorney, does that suffice? In theory, I think it would, Your Honor, but I still think you'd have other kind of difficulties there. I'm only talking about the statute of limitations tolling. I think you would have to do the basic function of a charging document under Rule 7, which is to give sufficient facts and legal citations to charge an offense against the United States. So what I said is not sufficient. It does not seem sufficient to me because it doesn't charge an offense against the United States. It doesn't give any kind of basic facts about that. Whether factually correct or incorrect, the information has to be legally sufficient accepting the facts stated as true. I'm hesitant to put it in those terms, Your Honor, because I'm just thinking of some of the 3288 questions that Chief Judge Pryor was mentioning, which is that you could have an indictment if it was returned by a grand jury and was plainly insufficient because it omitted interstate commerce element. I don't want to put words in your mouth, but you agreed, I think, that there has to be some bite to the information. It can't be a document that says information blank signed assistant U.S. attorney, right? Is that because it has to work under the relation back doctrine? Yes, certainly in that situation, Your Honor. If the government did that, I don't even know. I don't know what would work for the subsequent indictment. Again, assuming a case where the defendant did not waive. I'm not sure what defendant would be waiving in terms of pleading guilty to that. Real simple here. The relation back doctrine answers the question being raised. If the information filed with the court says, I charge Stan Marcus, period, end of story, to toll the statute of limitations, that document is worthless. Because then if you come back six months later or six years later and you say six months or six years later, we're charging you with this fraud, blah, blah, blah, it wouldn't work because it so completely changed the ambit of the nature of the charge. That's right, Your Honor. That's the Radcliffe case that Mr. Cohen's been relying on heavily. That was that kind of scenario. The court said that the subsequent charges there dramatically altered the scope of what had been alleged. So let me ask you the question slightly differently. Judge Jordan read to you the language of 3282, except as otherwise expressly provided no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years. What does the word prosecute mean? And you make the argument that prosecuted carries a meaning that's different from these other terms, instituted, information is instituted. What does prosecute mean? I think prosecute is a more capacious term. It may institute maybe a subset of that, but prosecute means to move to the case. Right. So we normally would understand prosecute to mean not only to initiate the charging process, but to carry it out. So within its ambit would be the filing, the actual prosecution would include a trial or a plea, and it would include a sentence, right? That's correct, Your Honor. I think that's the way 3282 reads. It actually moves sequentially. That's true in a lot of context, right? So in the civil context, you may have an appeal or a complaint that, so you have a notice of appeal that's been filed, or you have a civil complaint that's been filed, but it's later dismissed for failure to prosecute. Now you don't mean that to suggest that there wasn't a filing of a notice of appeal or a filing of a civil complaint. What you mean to suggest is you didn't do the things that are necessary to keep the process moving forward. Those are different things, right? They are, Your Honor, and I think the definition that we have in our brief of the word prosecute actually relates to institute. It says institute and pursue a criminal action against a person. I think the failure to prosecute analogy there is the pursuit. It's the failure to actively pursue and perfect the legal action in those situations. If prosecute is meant, then, in a more capacious way, why add the words tried or punished? Why not just say no person shall be prosecuted for any offense, not capital, unless the indictment is found or the information is instituted within five years? That's not what Congress said. It said prosecuted, comma, tried, comma, or punished, comma, for any offense. I'm not sure with the historical origins of the terminology there, Your Honor, but I think it's often the case that Congress uses suspenders and I think it's... So they're just being repetitious? Maybe, but I think you can also view it as potentially, again, a sequential. But you want us to give different meaning. The word prosecute is an institute. Yes, and I think if you were doing that with the three words there, you cannot imagine it working sequentially. Prosecute is from the initiation of the case until the trial, trial and then sentencing. So I think you can see Congress, you can give those words different meanings and still be consistent with distinguishing... instituting the information and, of course, finding the indictment itself. And the last thing... Sorry, just on Jabin, I think the Court has covered some of the distinctions we wanted to highlight, including, of course, the before the commissioner language and the Supreme Court's focus there on rendering the commissioner, which is the magistrate judge right now, a rubber stamp. That's the language the Court used. Likewise, the Court, I think, either wasn't alerted to, or perhaps the doctrine hadn't developed, but Relation Back, the Court made a point of saying no safeguards are in place in the government's reading of that provision to prevent them from waiting until the last minute, filing a placeholder document, and then using the nine-month period to make its case. And I tried to explain earlier, we think Relation Back provides that critical safeguard here. And again, I think Mr. Cohen read out some of the language to you from Jabin about being effective to move the case along, and for the reasons I mentioned before about Rule 9, Rule 10, preliminary hearings, we think that even under the Jabin reading, an information without a waiver is enough to move the case along the next preliminary steps, even if it's not enough alone to get the case to a plea or a trial. But in Jabin, help me with something about Jabin. In Jabin, the commissioner had to make a determination of probable cause, right? That's correct. But that commissioner could not do it before an information was instituted. So it was a complaint in Jabin, Your Honor. So it was a complaint procedure, yes. But I think that's significant. So why is the commissioner's determination of probable cause linked to the complaint being instituted when it's a secondary determination by an officer? Because I think that's what the Supreme Court was concerned about, was that Congress had made the choice to tie that to the particular actions of a judicial officer. We don't have that here, 3282, and I think it's limitations period. But if institute means what you say it means, it shouldn't have included the commissioner's determination of probable cause in Jabin. Because that's a different thing than instituted. That follows the institution of the complaint. Yes, I understand, but I think the way the statute read it was kind of, when a complaint is instituted, you get, before the commissioner, you get nine months from the making of the complaint before the commissioner. So I think what the Supreme Court was focused on was, Congress had repeated this term, it really wanted action and intervention findings by a judicial officer. We don't have that, and statute of limitations have really never been linked, right, in 3282 to a complaint, to a kind of a pre- accusation complaint. The last thing, I see my time is about to expire. I did want to mention the odd kind of aspects of this case concerning notice, and just remind the Court that we briefed this. Notice while of course one of the central purposes of the statute of limitations, there's no absolute requirement that a defendant get individualized notice, and we've alluded to the sealed indictment cases as one example of that. And just to remind the Court as well that beyond relation back, in cases where there really are significant delays, speedy trial clause of the Sixth Amendment runs from the initial accusation, pre-trial delay, Mr. Webster filed a Rule 48B motion to dismiss here that was denied. He didn't preserve that right to appeal that, but there are other protections in place to avoid that, and the Della Torre case, cited in Mr. Webster's reply brief, is a good example of that. The magistrate judge there recommended dismissal, both because it rejected our statutory reconstruction argument, and in the alternative, under the speedy trial clause. Thank you. Thank you, Mr. Meisler. Mr. Cohn, you've saved five minutes. Let's... I want to begin with Judge Marcus's example of a information that says, Stanley Marcus, you did something wrong and said before. But in this case, sorry to make it a little more dramatic, it's a crime. And you aptly noted that the relation back doctrine would protect you if years later that was tried to become an indictment by a grand jury. Isn't part of the reason the relation back doctrine would protect you is because you got no notice of what the crime was that you were being charged with? What files you better hang on to? What witnesses you should stay in touch with? Isn't notice at the very heart of what the statute of limitations protection is doing? And of course, there are cases including from this circuit that say exactly that. So it's a fatal problem here that my client... Of course, you might not, as your colleague pointed out, actually get notice if your client was charged and the government sought an order from the court to seal the indictment for any number of reasons. Like there were other folks involved and they were not in the jurisdiction or a variety of other things. You really didn't get the notice until the charging document was unsealed. That's right. And that's an exception and you'd have to go to the magistrate and explain why as a prosecutor you're entitled to have it under seal. So notice is... And I'm not saying anything controversial here. There's case after case across the country that says that. I'd like to turn to Chief Judge Pryor's comment about the six-month rule of 3288. That statute only gets triggered if there is a dismissal of the prior information. In this case, as the government has acknowledged, there's no dismissal. So... And there's my point here is, putting aside the fact that waiver on that failure to dismiss the indictment arguably waives reliance on the statute or more than arguably did waive reliance on the statute. There's a good reason here, Chief Judge Pryor, why there was no dismissal. There was nothing to dismiss. There was no proceeding. There was no opposing counsel. Nothing had happened in the case. It's perfectly understandable that the government didn't view its own information as the institution of a proceeding. There was nothing to dismiss. Isn't it true that your client could have been arrested based on that information and moved for the dismissal before an indictment was filed? But that didn't happen. I know, but that goes to disprove the point you just made. That there wasn't anything that had been initiated. That he could have moved to dismiss it? Yes. Yeah, but I mean, I usually argue about... Rest warrants are issued based on the information. He's arrested. There hasn't been an indictment. He can move to dismiss the indictment or the information because you know, there's a proceeding there that has been initiated. Right? He's filing a motion in that proceeding. Isn't that right? Judge, if the court is going to go on the hypothetical possibility that had my client been arrested, he could have moved to dismiss. I'm just trying to understand how this works. You said there was no proceeding, but how is it that he could have filed that motion if there wasn't one? You don't file motions to initiate proceedings. File them in for proceedings that have already started. Well, then perhaps I just should fall back on Judge Middlebrooks, which I think makes a lot of sense. The Constitution limits the power of our federal government to bring a felony charge. They have to go to a grand jury. Rule 7b allows them to get a waiver if they want to proceed. It certainly limits their power to prosecute. That's a different question from whether the statute of limitations has been told. I don't think it's that different. First of all, the statute of limitations, Judge, is also a limitation. That's a different question because as we talked about earlier when you came up here, there don't have to even be statutes of limitations for crimes. But there are, Judge. But the Constitution doesn't require them. That's right, and the Constitution could have said, we don't want grand juries. And Congress could have said, we don't want a statute of limitations. The Constitution doesn't say anything about the statute of limitations. No, no, that's right, Judge. I'm just trying to be clear that the Constitution has spoken in the Fifth Amendment, and Congress has spoken in 3282. There is a statute of limitations, and I'm dealing with the law as it exists, and I'm saying those are two limitations on the power of the government. Let's take them seriously. Mr. Cohn, you took this case court-appointed, and the court sincerely appreciates you doing so. You discharged that duty very ably, and we, again, very much appreciate it. Thank you, Judge. Thank you.